IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANINE LEAPER,

                    Plaintiff,                        No.  03:15-cv-00037-HZ

       v.

JP MORGAN CHASE, ROUTH                 OPINION & ORDER
CRABTREE OLSEN aka RCO
LEGAL PS, RCO LEGAL PC, MARTIN
BISCHOFF LANGLEY HOFFMAN,
DOES 1-5,

                    Defendants.

Janine Leaper
5095 SW Barnes Road
Portland, Oregon 97221

        Plaintiff Pro Se

HERNANDEZ, District Judge:

        Pro se plaintiff Janine Leaper brings this action against JP Morgan Chase and other

Defendants.  Plaintiff moves to proceed *in forma pauperis*.  At this point, I provisionally grant

1 - OPINION & ORDER

the motion and dismiss the Complaint.  If Plaintiff chooses to file an amended complaint, she is

ordered to simultaneously file an amended *in forma pauperis* application addressing when

exactly she received the $30,000 listed in response to Question 4f.

STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before

service of process, if the court determines that:

(A)  the allegation of poverty is untrue; or

(B) the action or appeal–

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such
relief.

28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000)

(section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates).

DISCUSSION

I.  Allegations

Plaintiff brings this action against four named Defendants: JP Morgan Chase, Routh

Crabtree Olsen aka RCO Legal PS, RCO Legal PC, and Martin Bischoff Langley Hoffman.

Compl. at 1.  She also names "Does 1-5" as Defendants.  She fails to further identify any party as

provided for in Section I of the Complaint other than herself and JP Morgan Chase, for whom

she fails to include any information other than the name.  Id. at 1-2.  She states that federal

jurisdiction is based on federal question and identifies three federal statutes: "FDCPA," "FCRA,"

and "RESPA."  Id. at 2-3.  She also lists "breach of contract" and "tortuous [sic] interference" as

other bases for federal jurisdiction.  Id. at 3.  I construe these as supplemental state claim she intends to bring as they are not a federal constitutional, statutory, or treaty right providing a basis for federal question jurisdiction.  Although she did not allege diversity jurisdiction as a basis for federal court jurisdiction, she nonetheless provided the requested diversity jurisdiction information.  Id.  Her allegations there indicate that there is a lack of diversity jurisdiction.  Id. (showing Plaintiff and one Defendant as Oregon citizens).

She appears to bring three claims.  In the first, she alleges that on January 7, 2014, she attended a pre-foreclosure conference requested by her "purported lender."  Id. She states that a representative of "Chase" and an employee of "RCO" were present and "claimed 'Chase' was the beneficiary of [her] loan or note and deed or mortgage."  Id.  She alleges that this was "confusing" because another "entity, a securitized trust[,] said they were the beneficiary."  Id. That entity had just obtained a judgment of foreclosure in circuit court.  Id.  She asserts that she was harmed by the denial of a meaningful opportunity to negotiate with the lender.  Id.

In her second claim, she contends that "Chase" has been claiming that it is entitled to payments of over $3,000 per year for insurance on her property but before "they stepped in," her insurance was approximately $800 per year.  Id. at 4.  She alleges that these "exorbitant fees" have been charged to her.  Id.  She also alleges that her "documents reserve insurance to the discretion of Lender and another party is claiming to be it."  Id.  Finally, in her third claim, she alleges that "Chase" has repeatedly paid her property taxes but that she has to "go through r[i]diculous discussions with them" and the county "to make the County accept" her tax payments for her own property.  Id.  She alleges that she has paid amounts of approximately $18,000 a year, and "they" continue to be charged against her anyway.  Id.

3 - OPINION & ORDER

As relief, she alleges that "Chase has continually interfered with my property and damaged me physically and emotionally and someone else now claims the rights Chase attempted to enforce are its." Id. at 5. She states she seeks "[r]elief in cash and property & injunction." Id.

II.  Federal Rule of Civil Procedure 8/Failure to State a Claim

"The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'" Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)).  This notice pleading system requires a complaint to contain "(1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" Id. (quoting Rule 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation marks omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotation marks and citation omitted).  Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.  The complaint

must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

As noted above, Plaintiff cites to three federal statutes in support of federal court jurisdiction. While she used only initials, I understand the references to be to: (1) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA); (2) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681– 1681x (FCRA); and (3) the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617 (RESPA). Although Plaintiff's reliance on these federal statutes could support jurisdiction in this Court, Plaintiff fails to allege facts sufficient to support a claim under any of these statutes against the named Defendants.

The FDCPA "bans a variety of debt collection practices and allows individuals to sue offending debt collectors." Schlegel v. Wells Fargo Bank, N.A., 720 F.3d 1204, 1207-08 (9th Cir. 2013). Plaintiff fails to allege that any of the Defendants is a debt collector. See 15 U.S.C. § 1692a(6) (defining debt collector). Although Plaintiff fails to identify what specific section of the FDCPA she alleges any of the Defendants violated, to state a claim under section 1692d of the FDCPA, a plaintiff must allege a debt collector "engag[ed] in . . . conduct the natural consequence of which [was] to harass, oppress, or abuse [the plaintiff] in connection with the collection of a debt." To state a claim under section 1692e(5) of the FDCPA, a plaintiff must allege that a debt collector threatened "to take any action that cannot legally be taken or that is not intended to be taken."

Plaintiff fails to allege any such conduct, or any other conduct that would support a claim under the FDCPA. The statute does not provide relief for the denial of meaningful negotiations with a lender. Without more specific facts, the allegations that Chase is allegedly overcharging

5 - OPINION & ORDER

Plaintiff for her property insurance or is seeking payment of taxes do not state a FDCPA claim.

The FRCA was enacted to "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 52 (2007). It imposes responsibilities on "consumer reporting agencies" regarding assembling and evaluating consumers' credit and disseminating information about consumers' credit. <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147, 1153 (9th Cir. 2009) (citing 15 U.S.C. § 1681(a)(4)). In addition, to ensure that credit reports are accurate, FCRA imposes duties on the furnishers of information, including the duty to provide accurate information to credit reporting agencies (CRAs). <u>Id.</u> at 1154; 15 U.S.C. § 1681s–2(a). Furnishers also have duties which commence "upon notice of dispute," meaning when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. <u>Id.</u>; 15 U.S.C. § 1681s–2(b). The duties under subsection 1681s–2(b) "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." <u>Id.</u> Additionally, although "FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements," subsection "1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA." <u>Id.</u> (citing 15 U.S.C § 1681s–2(c)). "Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." <u>Id.</u>

Plaintiff fails to allege facts supporting a FRCA claim including that any of the named Defendants are a CRA, that her credit information was assembled, evaluated, or disseminated, that there was an error in reporting her credit information, or other FRCA-related facts. Thus,

she fails to state a FRCA claim.

Congress enacted RESPA in response to abusive practices that inflate the cost of real estate transactions. Merritt v. Countrywide Fin. Corp., 759 F.3d 1023, 1033 (9th Cir. 2014) (citing 12 U.S.C. § 2601(a)).  RESPA addresses a variety of conduct.  E.g., 12 U.S.C. § 2605 (providing an action for damages against mortgage-loan servicers who fail to respond to certain types of inquiries from borrowers); § 2607 (prohibiting any "fee, kickback, or thing of value" in exchange for business referrals and also forbidding that a "portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service" be paid for services that are not actually rendered to the customer).  Plaintiff fails to identify what particular part of RESPA she contends was violated, and by which Defendant or Defendants.  The limitations period for some RESPA actions is one year and for others is three years.  12 U.S.C. § 2614. Because it is unclear which section of RESPA Plaintiff invokes and what facts may support such a claim, the Court is unable to determine what statute of limitations applies.  Without more, the citation to RESPA and the facts alleged in the three claims fail to state a claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7 - OPINION & ORDER

CONCLUSION

Plaintiff's application to proceed *in forma pauperis* [2] is provisionally granted.  The

Complaint [1] is dismissed for failure to state a claim.  Plaintiff may filed an amended complaint,

with an amended *in forma pauperis* application, within fourteen (14) days of the date of this

Opinion & Order.

IT IS SO ORDERED.

Dated this ___21___ day of ___January___, 2015

_____
Marco A. Hernandez
United States District Judge

8 - OPINION & ORDER